**Ex parte Elgen DAVIS.**

No. 68234.

Court of Criminal Appeals of Texas,
En Banc.

May 12, 1982.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is an application for a post-conviction writ of habeas corpus, pursuant to Art. 11.07, V.A.C.C.P.

The petitioner contends that he was subjected to double jeopardy when he was convicted for the offenses of murder and robbery by assault, where the victim was the same and both offenses arose out of the same transaction.

The record reflects that on June 9, 1971, the petitioner pled guilty to Cause No. 14,-271 to the murder of Jose Nino. Also, on June 9, 1971, the petitioner pled guilty in Cause No. 14,272 to the robbery by assault of Jose Nino. Punishment was assessed at life in each case. No appeals were perfected from these convictions.

This Court abandoned the carving doctrine in *Ex parte McWilliams* (No. 64,508, delivered May 12, 1982) and to determine the double jeopardy implications of the two convictions herein, we now apply the offense defining test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

It is clear that robbery by assault and murder are separate and distinct offenses under the *Blockburger* test: conviction for each offense requires proof of an additional fact which the other does not. See V.A.C.S. Penal Code, Secs. 29.02 and 19.02.

Since there is no double jeopardy violation in the two convictions herein, habeas corpus relief will be denied.

It is so ordered.

ONION, P. J., and ROBERTS and TEAGUE, JJ., dissent, as they did in *Ex parte McWilliams* (Tex.Cr.App. No. 64,508, May 12, 1982) (Roberts, J., dissenting).

CLINTON, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Ex parte Stephen McWilliams*, No. 64,508, this day decided, I respectfully dissent.